UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSHUA AVERY,

    Plaintiff,

v.     Case No. 8:18-cv-403-T-33TGW

WAWA, INC.,

    Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant Defendant Wawa, Inc.'s Notice of Removal (Doc. # 1), which was filed on February 16, 2018. For the reasons set forth below, the Court determines that it lacks subject matter jurisdiction and accordingly remands the action to state court pursuant to 28 U.S.C. § 1447(c).

**I. Background**

Plaintiff Joshua Avery was a cashier at a Clearwater, Florida Wawa. (Doc. # 2 at ¶¶ 1-6). During his employment, Avery suffered from "Osteoarthritis/Degenerative Joint/Disc Disease and Herniated Disc in Neck Region." (Id. at ¶ 8). In May of 2016, he was prescribed a back brace by his doctor. (Id. at ¶ 11). Avery claims that Wawa thereafter cut his hours and began discriminating against him. (Id. at ¶¶ 12, 15). Then, Avery had a workplace injury when a box fell on him. (Id. at ¶ 16). According to Avery, "Wawa knew and knows

that Avery's workplace accident required him to miss time under workers' compensation leave, however, Wawa called the days missed 'unexcused absences'" and, "while Avery was out on workers' compensation leave after his injury, Wawa fired Avery for unexcused absences." (Id. at ¶¶ 17-18).

Avery accordingly filed a state court complaint against Wawa containing the following counts: disability discrimination in violation of the Florida Civil Rights Act, Florida Statutes Chapter 760 ("FCRA") (count 1); failure to accommodate in violation of the FCRA (count 2); retaliation in violation of the FCRA (count 3); and Workers' Compensation Retaliation (count 4). (Doc. # 2).

On February 16, 2018, Wawa removed the action on the basis of the Court's diversity jurisdiction. (Doc. # 1). At this juncture, the Court sua sponte addresses the issue of jurisdiction. "[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). Furthermore, in the context of cases removed to federal court, 28 U.S.C. § 1447(c) states, "If at any time before

final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

## II. **Workers Compensation Retaliation Claim**

Federal law prohibits the removal of certain types of actions by designating them as non-removable. 28 U.S.C. § 1445. In particular, civil actions brought in state court "arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). The Eleventh Circuit has held that retaliation claims brought under Chapter 440.205 of Florida's Workers' Compensation laws fall within the ambit of 28 U.S.C. § 1445(c) and that such removed claims must be remanded for lack of subject matter jurisdiction. See Reed v. Heil Co., 206 F.3d 1055, 1061 (11th Cir. 2000)(remanding workers' compensation retaliation claim for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1445(c)); Alansari v. Tropic Star Seafood, Inc., 388 F. App'x 902, 905 (11th Cir. 2010)("[B]ecause the district court lacked subject-matter jurisdiction over Alansari's state workers' compensation retaliation claim, we conclude that it erred in refusing to remand the claim to state court.").

This Court lacks subject matter jurisdiction over the Florida Workers' Compensation-related claim asserted in count four of the Complaint and that claim is subject to sua sponte remand.

### III. **Florida Civil Rights Act Claims**

The remaining claims are asserted pursuant to the FCRA, and Wawa removed those claims on the basis of complete diversity of citizenship. Under 28 U.S.C. § 1441, a defendant can remove an action to a United States District Court if that court has original jurisdiction over the action. 28 U.S.C. § 1441(a). United States District Courts have original jurisdiction over all civil actions between parties of diverse citizenship where the amount in controversy exceeds $75,000.00. See 28 U.S.C. § 1332(a). The parties are completely diverse. Avery is a citizen of Florida and Wawa is a New Jersey corporation with its principal place of business in Pennsylvania. (Doc. # 1 at 2).

As to the amount in controversy requirement, removal is proper if the complaint makes it "facially apparent" that the amount in controversy exceeds $75,000.00. Williams v. Best Buy, Co., 269 F.3d 1316, 1319 (11th Cir. 2001). "If the

jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Id.

Here, the Complaint alleges that "the amount in controversy is more than $15,000 but less than $75,000. (Doc. # 1 at ¶ 4). Because the plaintiff has specifically alleged that the damages are less than the jurisdictional threshold amount, it is up to Wawa to prove, to a legal certainty, that the claim exceeds $75,000. See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). According to the Eleventh Circuit, this is a "heavy" burden and a "strict standard." Id. at 1095-96. Indeed, as recognized by the Burns Court, "the plaintiff is the master of his own claim." Id. at 1095. "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Id.

In an attempt to demonstrate that the Court has jurisdiction over the case, Wawa states that Avery's January 31, 2018, responses to Wawa's First Set of Interrogatories "clearly demonstrated that the amount in controversy was

actually well in excess of $75,000." (Doc. # 1 at 2). Wawa summarizes the interrogatory answers as follows: "Avery disclosed that he is seeking back pay damages based on $23,000/year from October 7, 2016 to present; front pay based on two years of pay of $46,000, as well as emotional distress damages that are not subject to mathematical calculation and punitive damages that are not subject to mathematical calculation." (Id.).

### A. Back Pay and Front Pay

Wawa indicates that Avery was paid a yearly salary of $23,000 and for purposes of determining the amount in controversy, "back pay should be calculated from the date of the alleged adverse employment action – in this case, Plaintiff's termination – to the date of trial." (Id. at 3). Along these lines, Wawa estimates that it will take two years for this case to be tried. (Id.). Under this theory, Wawa postulates that the back pay claim is for $115,000. (Id.). Wawa also suggests that the Court consider Avery's request for two years of front pay ($46,000).

But, this Court has repeatedly held that "the amount in controversy is determined at the time of removal and thus does not include post-removal back pay." Terrell v. Ascenda

USA Inc., No. 8:16-cv-1965-T-33 MAP, 2016 U.S. Dist. LEXIS 88781, at *3 (M.D. Fla. July 8, 2016); see also Bragg v. SunTrust Bank, No. 8:16-cv-139-T-33TBM, 2016 U.S. Dist. LEXIS 27850, at *4 (M.D. Fla. Mar. 4, 2016)("[T]he Court believes that back pay should be calculated only to the date of removal."); Davis v. Tampa Ship, LLC, No. 8:14-cv-651-T-23MAP, 2014 U.S. Dist. LEXIS 73937, at *4 (M.D. Fla. May 30, 2014)("Even if a court could deduce, infer, or extrapolate post-removal back pay, that back pay is not in controversy at the time of removal."). Excluding post-removal back pay, the amount at issue is considerably less than the jurisdictional threshold. And, notably, the record reflects that Avery became employed by the Pinellas County School Board in 2014 and now makes $43,000 per year. (Doc. # 1-2 at 8).

The Court also rejects Wawa's attempt to buttress the amount in controversy with front pay. Speculation regarding front pay cannot be used to supplement insufficient back pay for the purpose of meeting the jurisdictional requirement. See Snead v. AAR Mfg., Inc., No. 8:09-cv-1733-T-30EAJ, 2009 WL 3242013, at *2-3 (M.D. Fla. Oct. 6, 2009)(finding that "Defendant's calculations regarding front pay . . . are pure

speculation"); Hammer v. CVS Pharmacy Inc. ex rel. Holiday CVS, L.L.C., No. 8:14-cv-3243-T-33EAJ, 2015 WL 438351, at *3 (M.D. Fla. Feb. 3, 2015)(finding that a speculative front pay amount could not be aggregated to back pay to meet the jurisdictional requirement); see also Brown v. Am. Express Co., No. 09-61758-CIV, 2010 WL 527756, at *5 (S.D. Fla. Feb. 10, 2010) (removing defendant suggested that one year of the plaintiff's base salary - $30,010.00 - was reasonable to include in the amount-in-controversy analysis, but, the court found that to "include this figure in calculating the amount in controversy would require this Court to 'engage in impermissible speculation'").

**B. Compensatory Damages**

In addition, Wawa points out that Avery is seeking compensatory damages for emotional pain and suffering, emotional distress, and mental anguish. Wawa's postulation that Avery's claim for compensatory damages places the amount in controversy well above $75,000 is mere speculation, at best. See Golden v. Dodge-Markham Co., Inc., 1 F. Supp. 2d 1360, 1366 (M.D. Fla. 1998)(determining that the compensatory damages were too "nebulous" to be considered in proving, by a preponderance of the evidence,

the jurisdictional amount); Love v. N. Tool & Equip. Co., No. 08-cv-20453, 2008 U.S. Dist. LEXIS 59110, at *13 (S.D. Fla. Aug. 1, 2008)(stating that although "[c]ourts have considered plaintiffs' claims for emotional distress damages in determining the amount in controversy," emotional distress damages are excluded if the parties present no evidence to determine the amount); Biffar v. GCA Serv. Grp., Inc., No. 8:15-cv-1154-T-33TGW, 2015 U.S. Dist. LEXIS 85790, at *7 (M.D. Fla. July 1, 2015)(declining to include potential compensatory damages in jurisdictional amount in controversy analysis).

### C. Punitive Damages

Wawa also posits that Avery's claim for punitive damages supplies the basis for finding that the amount in controversy exceeds $75,000. Although a plaintiff may recover up to $100,000 in punitive damages under the FCRA, there is no indication that Avery would be entitled to such an award.

In support of its position, Wawa references McDaniel v. Fifth Third Bank, 568 F. App'x 729 (11th Cir. 2014), in which an order of remand was vacated with an instruction to decide the case on the merits. There, the Eleventh Circuit

specified: "A defendant seeking to remove based of a claim for punitive damages must affirmatively establish jurisdiction by proving jurisdictional facts that make it possible that punitive damages are in play." Id. at 732. Rather than proving jurisdictional facts, Wawa simply points out that the complaint in this case includes a request for punitive damages. Following Wawa's logic, every Florida Civil Rights Act case filed in state court containing a request for punitive damages would automatically meet the jurisdictional minimum for removal to federal court. That result would be untenable.

D. **Attorney's Fees and Costs**

Finally, while the relevant statute provides for attorney's fees and costs as of right to a prevailing party, Wawa has not provided any information regarding the fees and costs accumulated in this case as of the date of removal. As explained in Keller v. Jasper Contractors, Inc., No. 8:15-cv-1773-T-23TBM, 2015 U.S. Dist. LEXIS 106110, *3 (M.D. Fla. Aug. 12, 2015), a case in which the court sua sponte remanded a Florida employment law action, "only the attorney's fees accrued to the day of removal can contribute to the amount in controversy." Wawa has not provided any

information regarding the amount of attorney's fees accrued at the time of removal, and there is no basis to find that such fees reach an amount that could satisfy the jurisdictional minimum, even when considered in conjunction with Avery's claims for back pay.

Federal jurisdiction is limited, and removal statutes are construed narrowly, and uncertainties are resolved in favor of remand. <u>Burns</u>, 31 F.3d at 1095. Wawa, as the removing party, has not shown that the amount in controversy is in excess of $75,000. Therefore, the Court remands the case to state court. <u>See</u> 28 U.S.C. § 1447.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

This action is remanded under 28 U.S.C. § 1447(c) for lack of federal subject matter jurisdiction. The Clerk is directed to remand this case to state court. After remand has been effected, the Clerk shall **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>22nd</u> day of February, 2018.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE